IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
)
v. ) Case no. 7:21-CR-00405 (CS)
)
RONALD MONROE, )
          Defendant )
)

## MOTION TO MODIFY CRIMINAL HISTORY CATEGORY
## PURSUANT TO 18 U.S.C. §3582(c)(2)

Now comes the Defendant, Ronald Monroe, and hereby moves this Honorable Court to modify his Criminal History Category pursuant to 18 USC §3582(c)(2) and Amendment 821 of the U.S. Sentencing Guidelines. In support of the motion the Defendant states the following:

I. FACTUAL BACKGROUND

The Defendant was charged with conspiracy to commit Hobbs Act Robbery, Possession of a firearm during and in relation to a crime of violence, conspiracy to distribute and possess with intent to distribute fentanyl. At sentencing, the Court determined that the Defendant's offense category was 26 and that his Criminal History Category was III.

As part of the Criminal History Category calculation, the Court determined that since Mr. Monroe was under supervision at the time of his offense (parole), an additional two (2) "status" points would be added to the Criminal History Score.



RECEIVED
OCT 31 2025
U.S.D.C.

## II. ARGUMENT

In November 2023, Amendment 821 to the United States Sentencing Guidelines ("USSG") went into effect retroactively. USSG §1B1.10. In relevant part, Part A of Amendment 821 reduced the number of status points applied to a defendant's criminal history. Id. "Status points" are points added when (1) a defendant received seven or more criminal history points, and (2) the current offense occurred while serving a sentence for a different offense. Id at §4A1.1(e); U.S. Sentencing Guidelines Manual, Supp. to App. C., Amend. 821 (U.S. Sent'g Comm'n 2023).

U.S.S.G. §4A1.1(e) now provides that one "status" point be added if a defendant receives seven or more criminal history points and comitted the offense before the court "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The previous subsection (d) added two "status" points for the same offenses. Also, for defendants with six or less criminal history points, the new guideline provides that zero status points would be added.

Here, a reduction in status points and the resultant reduction in the criminal history score affects more than only Mr. Monroe's sentencing guideline range.

The Bureau of Prisons utilizes the Defendant's criminal history score and and category to calculate the Defendant's First Step Act PATTERN score to determine the Defendant's eligibility to receive and apply earned First Step Act time credits, as well as determine security classification which in turn affects the Defendant's access to various rehabilitation and vocational programs.

Therefore, even if a reduction in criminal history points under USSG §4A1.1 would not reduce the Defendant's Sentencing Guideline below his current sentence,

the reduction would reduce his criminal history score and category and that reduction would be a material change to the Bureau of Prisons' calculations of the Defendant's custody classification level.

### CONCLUSION

For the reasons stated above, the Defendant respectfully requests that the Court reduce his Criminal History Score pursuant to 18 USC §3582(c)(2) and Amendment 821's changes to U.S.S.G. §4A1.1(e).

Respectfully Submitted,

*Ronald Monroe*

Ronald Monroe
Reg. No. 56402-509
33½ Pembroke Road
Danbury, CT 06811

### CERTIFICATE OF SERVICE

I, Ronald Monroe, hereby certify that I mailed a copy of this document to the U.S. Attorney's Office, 1 Saint Andrews Plaza, New York, NY 10007 on October Oct. 20, 2025 from the FCI Danbury facility.

*Ronald Monroe*
Ronald Monroe

Mr. Monroe is correct that if he were sentenced today, his Criminal History Category ("CHC") would be II rather than III. The Court takes no position on whether the Bureau of Prisons ("BOP") should use CHC II or III in its calculations -- the Court imagines that BOP has a policy on that -- but the Court has no objection if BOP wishes to use CHC II.

As Mr. Monroe recognizes, he is ineligible for a sentence reduction because the 66-month sentence imposed on Counts 1 and 3 was below the range (70-87 months) that would apply if his CHC had been II. See U.S.S.G. 1B.10(b)(2)(A).

The Clerk of Court is respectfully directed to send a copy of this endorsement to Mr. Monroe.

-3-

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

10/31/25

FCI Danbury
Ronald Monroe #56402-509
33½ Pembroke Road
Danbury, CT 06811



United States District Court
Clerk's Office
300 Quarropas Street
White Plains, NY 10601